# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MCCLOSKEY,<br><br>    Plaintiff,<br><br>v.<br><br>J.M. SOLORZANO, et al.,<br><br>    Defendant.<br>_____ | NO. EDCV 17-00045-ODW (KS)<br><br>**ORDER: DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On January 11, 2017, Eric McCloskey ("Plaintiff"), a California state prisoner who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed a civil rights complaint ("Complaint"). (Dkt. No. 1.) On January 19, 2017, the Court dismissed the Complaint with leave to amend and ordered Plaintiff to file a First Amended Complaint. (Dkt. No. 5.) On February 6, 2017, Plaintiff filed a First Amended Complaint (the "FAC") (Dkt. No. 7), which is now the operative complaint in the proceedings.

On May 30, 2017, Defendant Solorzano filed an Answer. (Dkt. No. 13.) On May 31, 2017, the Court issued its Case Management and Scheduling Order governing discovery and pretrial motions. (Dkt. No. 14.) Following the close of discovery, the parties participated in settlement proceedings before United States Magistrate Judge Victor E. Bianchini but were

| | |
|---|---|
| 1 | unable to reach an agreement. (Dkt. No. 32.) On June 26, 2018, the Court set October 29, |
| 2 | 2018 as the deadline for hearing dispositive motions. (Dkt. No. 36.) |
| 3 | |
| 4 | On July 9, 2018, the Court received court mail addressed to Plaintiff returned and |
| 5 | marked delivery attempted, address not known. (Dkt. No. 38.) On July 12 and July 16, |
| 6 | 2018, the Court received more court mail addressed to Plaintiff that was returned |
| 7 | undelivered. (Dkt. Nos. 39-41.) Local Rule 41-6 states that "[i]f mail directed by the Clerk |
| 8 | to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, |
| 9 | within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court |
| 10 | and opposing parties of said plaintiff's current address, the Court may dismiss the action |
| 11 | with or without prejudice for want of prosecution." Accordingly, on August 17, 2018, after |
| 12 | Plaintiff had missed his deadline for notifying the Court of his current address by more than |
| 13 | three weeks, the Court ordered Plaintiff to show cause no later than September 7, 2018 why |
| 14 | the action should be not dismissed pursuant to Local Rule 41-6 and Rule 41 of the Federal |
| 15 | Rules of Civil Procedure. (Dkt. No. 42.) On September 6, 2018, the August 17, 2018 Order |
| 16 | was returned to the Court marked "RETURN TO SENDER ATTEMPTED – NOT KNOWN |
| 17 | UNABLE TO FORWARD." (Dkt. No. 43.) |
| 18 | |
| 19 | More than two weeks have now passed since the deadline for Plaintiff's response to |
| 20 | the Court's August 17, 2018 Order, and the Court has not received any communication from |
| 21 | Plaintiff since being notified on June 5, 2018 that the parties were unable to reach a |
| 22 | settlement. Thus, the Court concludes that the action should be dismissed without prejudice |
| 23 | for Plaintiff's failure to prosecute, comply with court orders, and notify the Court of his |
| 24 | change of address pursuant to Local Rule 41-6. |
| 25 | \\ |
| 26 | \\ |
| 27 | \\ |
| 28 | \\ |

# DISCUSSION

As stated above, Local Rule 41-6 states that "[i]f mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." In the instant case, two and a half *months* have passed since the Court first received court mail addressed to Plaintiff returned undelivered by the Postal Service. To date, Plaintiff has not notified the Court of a current address.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has failed to communicate with the Court about his case for more than three months and neglected to keep the Court apprised of his current address. Plaintiff's inaction – and unknown whereabouts – hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to

warrant dismissal. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Although this presumption may be rebutted where the plaintiff proffers a non-frivolous excuse for the delay, *see Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999), here, Plaintiff has provided no explanation, frivolous or otherwise, for his failure to engage in this matter since the May 31, 2018 settlement conference and comply with Local Rule 41-6. Accordingly, the "prejudice" element favors dismissal.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, because the Court has no means of contacting Plaintiff without a current address, no lesser sanction is available in this case. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are not appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics, *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), and the Court cannot dispose of a case on its merits when it cannot communicate with the plaintiff. Thus, it does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

For the foregoing reasons, IT IS ORDERED that the above captioned matter is DISMISSED without prejudice, and, as required by Rule 58(a)(1) of the Federal Rules of Civil Procedure, final judgment will be issued separately.

IT IS SO ORDERED.

DATED: September 26, 2018

_____
OTIS D. WRIGHT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE